**FILED**

**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| PROFESSIONAL DEVELOPMENT INCORPORATED, an Illinois corporation, | ) ) ) |
| Defendant. | |

**07 C 7141**

**JUDGE PALLMEYER
MAGISTRATE JUDGE NOLAN**

<u>**COMPLAINT**</u>

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND

("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL

COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE

FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION

PROMOTION FUND ("LABOR/MANAGEMENT FUND") (hereinafter collectively the "Trust

Funds"), and their respective trustees, by their attorney, Kevin P. McJessy, complain of

defendant PROFESSIONAL DEVELOPMENT INCORPORATED. ("Defendant") as follows.

Plaintiffs bring this action against the Defendant under ERISA for collection of unpaid

contributions and liquidated damages that the Defendant owes to the Trust Funds pursuant to the

terms of the Collective Bargaining Agreements and the Trust Agreements.

## JURISDICTION

1.    This Court has jurisdiction over this matter based on questions arising under §502

of the Employee Retirement Income Security Act (hereinafter "ERISA") and §301 of the Taft-

Hartley Act.  (29 U.S.C. §§ 1132 and 185).

## VENUE

2.    Venue is proper in this District because the Trust Funds are multi-employer

employee benefit plans, which are located in and administered in Chicago, Illinois.

## THE PARTIES

3.    The Trust Funds receive contributions from numerous employers pursuant to the

Collective Bargaining Agreements between the employers and the Chicago and Northeast

Illinois District Council of Carpenters, successor of the Chicago District Council of Carpenters,

(hereinafter "Union"), and therefore, are multi-employer plans.  (29 U.S.C. §1002).  The Trust

Funds provide medical, pension, training and other benefits to Union carpenters and other

persons pursuant to certain terms and conditions.

4.      Defendant is an Illinois corporation and an employer engaged in an industry affecting commerce.

## GENERAL ALLEGATIONS

5.      On October 18, 2004, Defendant entered into an Agreement (Exhibit A) whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement or Agreements.

6.      The Agreement and the Collective Bargaining Agreements bind the Defendant to the provisions of the Trust Agreement of the Chicago District Council of the United Brotherhood of Carpenters and Joiners of America and Builders Association of Chicago ("Pension Trust Agreement") which established the Pension Fund, to the provisions of the Trust Agreement ("Welfare Trust Agreement") which established the Welfare Fund, to the provisions of the Chicago District Council of Carpenters Apprentice and Trainee Program Trust Agreement ("Trainee Trust Agreement") which established the Trainee Fund (hereinafter collectively referred to as the "Trust Agreements"), and to the Agreement and Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund which established the Labor Management Fund ("Labor/Management Trust Agreement").  The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to pay fringe benefits to the Trust Funds.

7.      The Agreement, Trust Agreements, Collective Bargaining Agreement and ERISA require Defendant to produce books and records sufficient for the Trust Funds or their designees to conduct an audit to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

8.      The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's carpenter

3

employees at the rate and in the manner specified in the Collective Bargaining Agreements and the Trust Agreements.

9.      The Agreement, Trust Agreements and Collective Bargaining Agreements require the Defendant to contribute to the Trust Funds according to the hours worked by subcontractors which have not signed a Collective Bargaining Agreement with the Union.

10.     The Agreement, Trust Agreements and Collective Bargaining Agreements require the Defendant to provide records necessary for the Trust Funds to determine whether Defendant has complied with its obligation to contribute to the Trust Funds.

## COUNT I

11.     The Pension Fund hereby incorporates paragraphs 1- 10 above as though fully set forth herein.

12.     Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Pension Fund contributions owed for work done by carpenters, employees and/or subcontractors.

13.     The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

14.     The Pension Fund has complied with all conditions precedent in bringing this suit.

15.     The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

16.     Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

17.    This Court should award the Pension Fund interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

18.    This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)    interest on any unpaid contributions; or

(b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendant:

A.    to provide access to records so that the Pension Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.    to pay any and all amounts the Pension Fund may discover to be due pursuant to the audit that they request in this action;

C.    to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

E.    to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

F.    to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

19.    The Welfare Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

20.    Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Welfare Fund contributions owed for work done by carpenters, employees and/or subcontractors.

21.    The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

22.    The Welfare Fund has complied with all conditions precedent in bringing this suit.

23.    The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

24.    Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

25.    This Court should award the Welfare Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

26.    This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)    interest on any unpaid contributions; or

(b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A.    to provide access to records so that the Welfare Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.    to pay any and all amounts the Welfare Fund may discover to be due pursuant to the audit that they request in this action;

C.    to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

E.     to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

F.     to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

27.     The Trainee Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

28.     Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Trainee Fund contributions owed for work done by carpenters, employees and/or subcontractors.

29.     The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

30.     The Trainee Fund has complied with all conditions precedent in bringing this suit.

31.     The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

32.     Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

33.     This Court should award the Trainee Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

34.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A.    to provide access to records so that the Trainee Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

B.    to pay any and all amounts the Trainee Fund may discover to be due pursuant to the audit that they request in this action;

C.    to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

E.    to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

F.    to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

35.    The Labor/Management Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

36.    Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Labor Management Fund contributions owed for work done by carpenters, employees and/or subcontractors.

37.    The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

38.    The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

8

39.     The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

40.     Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

41.     This Court should award the Labor/Management Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

42.     This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)     interest on any unpaid contributions; or

    (b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

    A.     to provide access to records so that the Labor/Management Fund may conduct the audit necessary for compliance with the Collective Bargaining Agreements;

    B.     to pay any and all amounts the Labor/Management Fund may discover to be due pursuant to the audit that they request in this action;

    C.     to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

    D.     to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

    E.     to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D); and

    F.     to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND, et al.


By: _____ s/ Kevin P. McJessy _____
        One of Their attorneys


Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

# EXHIBIT  A

# *Memorandum of Agreement*

**Employer**  Professional Development, Inc. d/b/a  **Address**  13257 Millbank Drive
Custom Carpentry Contractors

**City**  Plainfield          **State**  IL     **Zip**  60544   **Phone**   815-260-5615

    THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

    1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

    2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

    3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

    4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this  Eighteenth  day of   October   , 2004

**EMPLOYER**

*Eugene French* (signature)

Eugene French
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

*(signature)*

Authorized Regional Council
Representative

( Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)


(Western Region)


Illinois


Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall,
Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwhich and
Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson,
Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle,
Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and
Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Daviss, LaSalle, Lee, Marshall, Mercer,
Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-7 and portions of
1 and 8


Iowa


Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Lousia north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County
including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoosa, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Delaware, Clayton, and six Northern Townships in Jackson Window and Door, State
Commercial, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Ceder, Iowa, Johnson, Poweshiek and Washington
Residential, Ceder, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan, Independent Contractors of Waterloo (Commercial) Butler, Chicksaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek
Millwright, Adair, Allmakee, Appanoosa, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chicksaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Deleware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebego, Winneshiek, Worth, Wright


( Northern Region)


Commercial Carpenters and Floor Coverers' Agreement (State of Wisconsin)
Commercial Capenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement


The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

*Eugene French*
Employer

10-18-04
Date