HHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON,BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN.C.UMLAUF; and LABOR MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A BAGGIO, KENNETH BORG, JOSEPH FELDNER, J DAVID PEPPER, and MARTIN C. UMLAUF,

Plaintiffs,

v.

PROFESSIONAL DEVELOPMENT INCORPORATED, an Illinois corporation,

Defendant.

Case No. 07 C 7141
JUDGE PALLMEYER
MAGISTRATE JUDGE NOLAN

FILED
1-17-2008
JAN 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**ANSWER TO COMPLAINT**

Defendant, PROFESSIONAL DEVELOPMENT INCORPORATED. ("Defendant"), for its Answer the Complaint filed by Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("PENSION FUND"), the CHICAGO REGIONAL

COUNCIL OF CARPENTERS WELFARE FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND") and their respective trustees (hereinafter collectively the "Trust Funds" or "Plaintiffs" or "Plaintiff"), states as follows:

JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §1132 and 185).

ANSWER: Defendant admits the allegations contained in Paragraph 1.

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

ANSWER: Defendant admits the allegations contained in Paragraph 2.

THE PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to the Collective Bargaining Agreements between the employers and the Chicago and Northeast Illinois District Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter "Union"), and therefore, are multi-employer plans. (29 U.S.C. § 1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

ANSWER: Defendant admits the allegations contained in Paragraph 3.

4. Defendant is an Illinois corporation and, an employer engaged in an industry affecting commerce.

ANSWER: Defendant admits that it is an Illinois Corporation and further admits that it was, at one time, engaged in an industry affecting commerce. Defendant denies the remaining allegations contained in Paragraph 4.

GENERAL ALLEGATIONS

5. On October 18, 2004, Defendant entered into an Agreement (Exhibit A) whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement or Agreements.

ANSWER: Defendant admits the allegations contained in Paragraph 5.

6. The Agreement and the Collective Bargaining Agreements bind the Defendant to the provisions of the Trust Agreement of the Chicago District Council of the United Brotherhood of Carpenters and Joiners of America and Builders Association of Chicago ('Tension Trust Agreement") which established the Pension Fund, to the provisions of the Trust Agreement ("Welfare Trust Agreement") which established the Welfare Fund, to the provisions of the Chicago District Council of Carpenters Apprentice and Trainee Program Trust Agreement ("Trainee Trust Agreement") which established the Trainee Fund (hereinafter collectively referred to as the "Trust Agreements"), and to the Agreement and Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund which established the Labor Management Fund ("Labor/Management Trust Agreement"). The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to pay fringe benefits to the Trust Funds.

ANSWER: Defendant admits the allegations contained in Paragraph 6.

7. The Agreement, Trust Agreements, Collective Bargaining Agreement and ERISA require Defendant to produce books and records sufficient for the Trust Funds or their designees to conduct an audit to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

ANSWER: Defendant admits the allegations contained in Paragraph 7.

8. The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and the Trust Agreements.

ANSWER: Defendant admits the allegations contained in Paragraph 8.

9. The Agreement, Trust Agreements and Collective Bargaining Agreements require the Defendant to contribute to the Trust Funds according to the hours worked by subcontractors which have not signed a Collective Bargaining Agreement with the Union.

ANSWER: Defendant admits the allegations contained in Paragraph 9.

10. The Agreement, Trust Agreements and Collective Bargaining Agreements require the Defendant to provide records necessary for the Trust Funds to determine whether Defendant has complied with its obligation to contribute to the Trust Funds.

ANSWER: Defendant admits the allegations contained in Paragraph 10.

COUNT I

11. The Pension Fund hereby incorporates paragraphs 1- 10 above as though fully set forth herein.

ANSWER: Defendant incorporates its Answers to Paragraphs 1 – 10 above as though fully set forth herein as Answer to Paragraph 11.

12. Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Pension Fund contributions owed for work done by carpenters, employees and/or subcontractors.

ANSWER: Defendant denies the allegations contained in Paragraph 12, and each of them.

13. The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

ANSWER: Defendant denies the allegations contained in Paragraph 13, and each of them.

14. The Pension Fund has complied with all conditions precedent in bringing this suit.

ANSWER: Defendant denies the allegations contained in Paragraph 14, and each of them.

15. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

ANSWER: Defendant denies the allegations contained in Paragraph 15, and each of them.

16. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § I 132(g)(l) and/or §1 132(g)(2)(D).

ANSWER: Defendant denies the allegations contained in Paragraph 16, and each of them.

17. This Court should award the Pension Fund interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

ANSWER: Defendant denies the allegations contained in Paragraph 17, and each of them.

18. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1 132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or
(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

ANSWER: Defendant denies the allegations contained in Paragraph 18, including subparagraph (a) through (b), and each of them.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in its favor and prays that this Honorable Court entered judgment in favor of Defendant and against Plaintiff denying Plaintiff all relief requested in its Complaint.

COUNT II

19. The Welfare Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

ANSWER: Defendant incorporates its Answers to Paragraphs 1 – 10 above as though fully set forth herein as Answer to Paragraph 19.

20. Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Welfare Fund contributions owed for work done by carpenters, employees and/or subcontractors.

ANSWER: Defendant denies the allegations contained in Paragraph 20, and each of them.

21. The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

ANSWER: Defendant denies the allegations contained in Paragraph 21, and each of them.

22. The Welfare Fund has complied with all conditions precedent in bringing this suit.

ANSWER: Defendant denies the allegations contained in Paragraph 22, and each of them.

23. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

ANSWER: Defendant denies the allegations contained in Paragraph 23, and each of them.

24. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1 132(g)(1) and/or § 1 132(g)(2)(D).

ANSWER: Defendant denies the allegations contained in Paragraph 24, and each of them.

25. This Court should award the Welfare Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

ANSWER: Defendant denies the allegations contained in Paragraph 25, and each of them.

26. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1 132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or
(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

ANSWER: Defendant denies the allegations contained in Paragraph 26, including subparagraph (a) through (b), and each of them.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in its favor and prays that this Honorable Court entered judgment in favor of Defendant and against Plaintiff denying Plaintiff all relief requested in its Complaint.

COUNT III

27. The Trainee Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

ANSWER: Defendant incorporates its Answers to Paragraphs 1 – 10 above as though fully set forth herein as Answer to Paragraph 27.

28. Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Trainee Fund contributions owed for work done by carpenters, employees and/or subcontractors.

ANSWER: Defendant denies the allegations contained in Paragraph 28, and each of them.

29. The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

ANSWER: Defendant denies the allegations contained in Paragraph 29, and each of them.

30. The Trainee Fund has complied with all conditions precedent in bringing this suit.

ANSWER: Defendant denies the allegations contained in Paragraph 30, and each of them.

31. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

ANSWER: Defendant denies the allegations contained in Paragraph 31, and each of them.

32. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

ANSWER: Defendant denies the allegations contained in Paragraph 32, and each of them.

33. This Court should award the Trainee Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

ANSWER: Defendant denies the allegations contained in Paragraph 33, and each of them.

34. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or
(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

ANSWER: Defendant denies the allegations contained in Paragraph 34, including subparagraph (a) through (b), and each of them.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in its favor and prays that this Honorable Court entered judgment in favor of Defendant and against Plaintiff

denying Plaintiff all relief requested in its Complaint.

COUNT IV

35. The Labor/Management Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

ANSWER: Defendant incorporates its Answers to Paragraphs 1 – 10 above as though fully set forth herein as Answer to Paragraph 35.

36. Defendant breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to cooperate to allow an audit after an audit was demanded and by failing to pay the Labor Management Fund contributions owed for work done by carpenters, employees and/or subcontractors.

ANSWER: Defendant denies the allegations contained in Paragraph 35, and each of them.

37. The Collective Bargaining Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

ANSWER: Defendant denies the allegations contained in Paragraph 37, and each of them.

38. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

ANSWER: Defendant denies the allegations contained in Paragraph 38, and each of them.

39. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

ANSWER: Defendant denies the allegations contained in Paragraph 39, and each of them.

40. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1 132(g)(l) and/or §1 132(g)(2)(D).

ANSWER: Defendant denies the allegations contained in Paragraph 40, and each of them.

41. This Court should award the Labor/Management Fund interest on the amount due pursuant to 29 U.S.C. §1132(g)(2)(B).

ANSWER: Defendant denies the allegations contained in Paragraph 41, and each of them.

42. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1 132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or
(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

ANSWER: Defendant denies the allegations contained in Paragraph 42, including subparagraph (a) through (b), and each of them.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in its favor and prays that this Honorable Court entered judgment in favor of Defendant and against Plaintiff denying Plaintiff all relief requested in its Complaint.

Respectfully submitted,

One of the attorneys for Defendant,
Professional Development Incorporated

John E. Newton
Michael W. Hansen
MICHAEL W. HANSEN, P.C.
320 Waterstone Way, Ste. 200
Joliet, IL 60431
(815) 744-9500
No. 6275594
No. 6229244